IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SARAH A. ROBERTS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-16-1099-D |
| | ) | |
| THE HERTZ CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

Before the Court is Defendant's Motion for Summary Judgment [Doc. No. 15], filed pursuant to Fed. R. Civ. P. 56. Defendant Hertz Corporation ("Hertz") seeks a judgment as a matter of law on Plaintiff's claims for breach of an employment contract and for unpaid wages. The Motion is fully briefed and ripe for decision. For the reasons that follow, the Court grants summary judgment to Hertz.

Plaintiff Sarah Roberts brought suit in state court against her former employer, Hertz, asserting two claims under Oklahoma law: 1) that Hertz breached an implied contract of employment by terminating her without providing progressive discipline or other procedural protections to which she was entitled; and 2) that Hertz failed to pay her earned wages as required by Okla. Stat. tit. 40, § 165.3, in that she was entitled to a lump sum payment upon termination of unused vacation pay and vested pension benefits. Hertz timely removed the case to federal court based on diversity jurisdiction under 28 U.S.C. § 1332. Following discovery, Hertz now seeks summary judgment in its favor on all claims.

Plaintiff does not oppose the Motion with respect to her claim for unpaid wages. She both fails to dispute Defendant's statement of facts regarding this claim, and affirmatively states that she "will be filing a stipulation of dismissal regarding her claim of failure to pay unpaid wages as a result of the evidence presented by Hertz." *See* Pl.'s Resp. Br. [Doc. No. 20] at 25. Although no stipulation of dismissal has been filed, the Court finds that Hertz is entitled to summary judgment on this claim for the reasons set forth in its Motion. Thus, the Court addresses only Plaintiff's breach of contract claim.

**Standard of Decision**

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for either party. *Id*. at 255. All facts and reasonable inferences must be viewed in the light most favorable to the nonmovant. *Id*. If a party who would bear the burden of proof at trial lacks sufficient evidence on an essential element of its claim or defense, all other factual issues concerning the claim or defense become immaterial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The movant bears the burden of demonstrating the absence of a dispute of material fact warranting summary judgment. *Celotex*, 477 U.S. at 322-23. If the movant carries this burden, the nonmovant must then go beyond the pleadings and "set forth specific facts"

that would be admissible in evidence and that show a genuine issue for trial. *See Anderson*, 477 U.S. at 248; *Celotex*, 477 U.S. at 324; *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998). "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Adler*, 144 F.3d at 671; *see also* Fed. R. Civ. P. 56(c)(1)(A). The Court's inquiry is whether the facts and evidence identified by the parties present "a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

## Statement of Undisputed Facts[1]

Hertz hired Plaintiff as an at-will employee without a written employment contract. Plaintiff received a copy of an employee handbook that reaffirmed her at-will status, and contained multiple disclaimers of Hertz's intent to establish an employment contract except by a written agreement signed by the corporation's chairman or chief executive officer. Although the handbook discussed rules of conduct and illustrative bases for discipline or discharge, it did not contain a progressive discipline policy. Plaintiff's claim that an implied contract existed is not based on the handbook, but is based on the disciplinary practices of Hertz and a PowerPoint presentation for supervisors that was used for training

---

[1] This statement includes material facts that are properly supported and are not opposed in the manner required by Rule 56(c). Notably, Plaintiff responds to Hertz's statement of facts by opposing many paragraphs (and sometimes several paragraphs at once) with lengthy narrative statements, many of which span multiple pages. This briefing practice is largely an effort by Plaintiff's counsel to argue her case, and is not helpful to the Court. In any event, only a limited number of facts are relevant to the disposition of Plaintiff's claim.

and instructional purposes. The PowerPoint, entitled "Performance Monitoring," "cover[s] policies that supervisors encounter daily and explains disciplinary steps that should be taken when employees aren't meeting standards or abiding by policies." *See* Def.'s Mot. Summ. J., Ex. G [Doc. No. 15-7] at 1. Included in the steps were periodic performance reviews, job performance and behavior warnings, use of a performance improvement plan, and a termination checklist, with sample warning letters and forms. *See id*. at 20-33. Plaintiff "admits that her claim is based upon the PowerPoint presentation that lays out the behavior and non-behavioral discipline process prior to possible termination." *See* Pl.'s Resp. Br. at 9 (response to ¶¶ 13-16).

## Discussion

An essential element of Plaintiff's claim is the existence of an implied contract with Hertz arising from the PowerPoint presentation and supervisory training. The terms of the alleged contract are unclear, other than an expectation that Hertz would provide some sort of notice or warning and an opportunity to respond to an alleged deficiency prior to termination. *See* Pl.'s Resp. Br. at 17-18. Plaintiff does not allege that the implied contract, if proven, placed any substantive restriction on the at-will nature of her employment; she advocates for a finding "of implied contractual rights to the use of the procedures" contained in Hertz's instructions and guidance to supervisors. *See id*. at 19 (quoting *Johnson v. Nasca*, 802 P.2d 1294, 1297 (Okla. Civ. App. 1990)).

Under Oklahoma law, "[a]lthough the existence of an implied contract generally presents an issue of fact, if the alleged promises are nothing more than vague assurances

the issue can be decided as a matter of law. This is so because in order to create an implied contract the promises must be definite." *Russell v. Bd. of Cty. Comm'rs*, 952 P.2d 492, 502 (Okla. 1997) (footnotes omitted); *accord Hayes v, Eateries, Inc.*, 905 P.2d 778, 783 (Okla. 1995); *see Bowen v. Income Prod'g Mgmt. of Okla., Inc.*, 202 F.3d 1282, 1284 (10th Cir. 2000) (applying Oklahoma law). As explained by the Oklahoma Supreme Court,

> Only when the promises are definite and, thus, of the sort which may be reasonably or justifiably relied on by the employee, will a contract claim be viable, not when the employee relies on only vague assurances that no reasonable person would justifiably rely upon. There is, thus, an objective component to the nature of such a contract claim in the form of definite and specific promises by the employer sufficient to substantively restrict the reasons for termination.

*Hayes*, 905 P.2d at 783. The Tenth Circuit, applying *Hayes,* has emphasized: "Employer guarantees are merely 'vague assurances' unless they place *substantive restrictions* on the reasons an employer my a terminate an employee." *Bowen*, 202 F.3d at 1284 (emphasis on original). Here, as in *Hayes*, 905 P.2d at 783, Plaintiff fails to allege or show "any such substantive restrictions or definite or specific promises" on the part of Hertz. Therefore, her breach of contract claim based on Hertz's termination of her employment fails as a matter of law.

Further, the Tenth Circuit has determined that the existence of an implied employment contract under Oklahoma law involves a weighing of relevant factors identified in *Hinson v. Cameron*, 742 P.2d 549, 554-55 (Okla. 1987). *See Bowen*, 202 F.3d at 1284; *Vice v. Conoco, Inc.*, 150 F.3d 1286, 1289 (10th Cir. 1998); *Black v. Baker Oil Tools, Inc.*, 107 F.3d 1457, 1461 (10th Cir. 1997). In *Hinson*, the Oklahoma Supreme

Court recognized certain factors that courts have used to determine whether an implied contract of job security exists:

> Factors which have been isolated as critical to evaluate whether an implied contract right to job security exists are: (a) evidence of some "separate consideration" beyond the employee's services to support the implied term, (b) longevity of employment, (c) employer handbooks and policy manuals, (d) detrimental reliance on oral assurances, pre-employment interviews, company policy and past practices and (e) promotions and commendations.

*Hinson*, 742 P.2d at 554-555 (footnote omitted). In this case, Plaintiff does not address these factors. She arguably relies on the fourth factor – company policy and supervisory practices – but alleges no detrimental reliance on the policy or practices that form the basis of her claim.

The case authority on which Plaintiff relies, *Johnson v. Nasca*, 802 P.2d 1294 (Okla. Civ. App. 1990), is easily distinguishable. There, an Oklahoma appellate court held that an employee handbook describing particular procedures to be followed by the employer in terminating employees and containing an ambiguous disclaimer of the employer's intent to create an implied contract, combined with evidence of a customary practice by the employer of using the disciplinary procedures before termination, were sufficient to defeat the employer's motion for summary judgment. *See Johnson*, 802 P.2d at 1297. The plaintiff in *Johnson* claimed "she had a reasonable expectation, based upon ambiguities in the handbook and upon the pattern of practice in the workplace, that she would not be terminated until the procedures were followed." *Id*. at 1296. Based on the evidence presented, including deposition testimony of the employer's personnel director, the court of appeals concluded that"[t]he handbook, when viewed in conjunction with a pattern of

practice indicating the adoption and consistent use of these procedures, may lead reasonable minds to differ about the existence of implied contractual rights to the use of the procedures." *Id*. at 1297 (footnote omitted). In this case, Plaintiff does not rely on specific procedures defined in an employee handbook, and she does not claim the disclaimers in Hertz's handbook are ambiguous.[2]

Instead, the facts of this case are similar to ones presented in *Vice v. Conoco, Inc.*, 150 F.3d 1286 (10th Cir. 1998), which the Tenth Circuit specifically found to be distinguishable from *Johnson*. *See Vice*, 150 F.3d at 1290 n.2. In *Vice*, a former employee of Conoco, Inc. claimed he had been terminated without a proper investigation of his secretary's accusations against him and without adequate notice to permit a defense of the accusations, in violation of a contractual right to such procedures. As one basis for an implied contract, he relied on two documents provided to supervisors that allegedly required employee counseling and progressive discipline. One document, like the PowerPoint in this case, provided guidelines for handling performance problems and misconduct by employees. According to the court of appeals, the documents did not "define or mandate specific termination procedures" or "establish a specific procedure to which employees [were] entitled." *See Vice*, 150 F.3d at 1289. The court of appeals thus concluded that the statements were "in the nature of 'general platitudes' and 'vague assurances,' language that the Oklahoma Supreme Court has stated is insufficient to

---

[2] In fact, Plaintiff's only response to Hertz's presentation of the handbook disclaimers is to state that "[t]he quotes are accurate" but they are "not material to this matter." *See* Pl.'s Resp. Br. at 1 (response to ¶¶ 1-2).

support the finding of an implied contract." *Id*. at 1290 (footnote omitted). Similarly, in this case, Plaintiff has failed to come forward with sufficient facts to show that Hertz established specific termination procedures and created an implied contractual right of employees mandating the use of those procedures to terminate their employment.

## Conclusion

For these reasons, the Court finds that Plaintiff has failed to demonstrate a genuine dispute of material fact regarding an essential element of her breach of contract claim. Further, Plaintiff concedes that her wage claim lacks merit. Therefore, Hertz is entitled to summary judgment on all claims.

IT IS THEREFORE ORDERED that Defendant Hertz Corporation's Motion for Summary Judgment [Doc. No. 15] is GRANTED. A separate judgment shall be entered accordingly.

IT IS SO ORDERED this 27th day of March, 2018.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE